# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NORTH CAROLINA STATESVILLE DIVISION
## DOCKET NO. 5:18CV103-GCM

| | |
|---|---|
| KELLY BRENT ENGLE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NANCY A. BERRYHILL, Acting Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Summary Judgment (Doc. No. 11) and the Commissioner's Motion for Summary Judgment (Doc. No. 13). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance alleging a disability onset date of July 1, 2013. (Tr. 15). Plaintiff's claim was denied both initially and on reconsideration; thereafter, Plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). (*Id.*). After conducting a hearing, the ALJ issued a decision which was unfavorable to Plaintiff, from which Plaintiff appealed to the Appeals Council. (Tr. 166-69). Plaintiff's request for review was denied, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). (Tr. 1). Thereafter, Plaintiff timely filed this action, seeking review of the Commissioner's final decision.

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the undersigned adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*. If there is conflicting evidence, the court may not reweigh it or inquire into credibility, but instead must defer to the Commissioner's decision. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of Plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the extensive exhibits contained in the administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The undersigned finds that it is.

**B.     Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1)     Whether the claimant is engaged in substantial gainful activity;

(2)     Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3)     Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4)     Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5)     Whether the claimant can do any other work, considering his RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

**C.     The Administrative Decision**

In rendering his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 17). At the second step, the ALJ found that Plaintiff suffered from the following severe impairments: diabetes mellitus, diabetic neuropathy, degenerative disc disease of the lumbar spine with radiculopathy, and obesity. (*Id.*). At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 19).

The ALJ then found that Plaintiff has the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except:

> "[he] is able to stand and walk for about two hours and sit for up to six hours in an eight-hour workday with normal breaks. He can occasionally push and pull with the left lower extremity. He can occasionally perform foot control operations. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps or stairs, and occasionally balance, stoop, kneel, crouch, and crawl. He can frequently handle, finger, and feel bilaterally. He can have no exposure to extreme heat, humidity, excessive vibration, unprotected heights, or hazardous machinery."

(*Id.*). In making this finding, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. § 404.1529 and SSR 96-4p. (*Id.*) The ALJ also considered opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSR 17-2p. (*Id.*) While the ALJ found that Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, he determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20).

At the fourth step, the ALJ found that Plaintiff was no longer capable of performing his past relevant work. (Tr. 22). At step five, the ALJ determined that in light of Plaintiff's RFC, age, education, and work experience, and based on testimony from a vocational expert ("VE"), that Plaintiff could perform other unskilled jobs existing in significant numbers in the national economy, such as cashier, hand packager, or inspector. (Tr. 23). Accordingly, the ALJ found that Plaintiff was not disabled under the Social Security Act. (*Id.*)

### D. Discussion

Plaintiff has made the following assignments of error: (1) the ALJ failed to sufficiently review and correctly weigh the entire record in determining the severity of his symptoms; 2) the

ALJ failed to adequately explain how he arrived at the RFC limitations; 3) the ALJ failed to evaluate his obesity properly; and 4) the ALJ failed to properly weigh the opinion of his treating nurse practitioner. Plaintiff's assignments of error will be discussed seriatim.

Per 20 C.F.R. § 1529, the ALJ must employ a two-step process to evaluate a claimant's symptoms. First, it must be determined whether there is "objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain [or other symptoms], in the amount and degree, alleged by the claimant." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). Then, after finding such a condition, the ALJ must evaluate the alleged symptoms' intensity and persistence along with the extent to which they limit the claimant's ability to engage in work. *Id.* SSR 16-3P states that when considering the effects of those symptoms, "[the ALJ] examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." 2017 WL 5180304, at *4 (S.S.A.). The ALJ's findings must "contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10.

In step one of his analysis, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (Tr. at 20). Plaintiff does not challenge this finding. Instead, Plaintiff challenges the ALJ's step two finding that his statements "concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*).

To the extent that Plaintiff argues that the ALJ must cite to every medical procedure or outcome in the record in making his decision, he overstates the requirements of SSR 16-3p. While indeed, the "entire case," must be reviewed to determine severity, "a formalistic factor-by-factor recitation of the evidence is unnecessary as long as the ALJ 'sets forth the specific evidence [he] relies on' in evaluating the claimant's subjective symptoms." *Phillips v. Berryhill*, No. 8:17-cv-02423-MGL-JDA, 2018 WL 6980967, at *15 (D.S.C. Dec. 7, 2018), *report and recommendation adopted*, No. 8:17-cv-02423-MGL, 2019 WL 134061 (D.S.C. Jan. 7, 2019) (quoting *White v. Massanari*, 271 F.3d 1256, 1261 (10th Cir. 2001)) (quotations omitted). The SSR does not require that the ALJ list out every piece of evidence in the record, but rather consider it in its entirety and put forth the evidence he finds most dispositive. The ALJ has met this standard.

In his decision on severity, the ALJ explicitly noted that he has considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." (Tr. 19). He noted that no evidence in the record showed "an inability to ambulate or with grasping and handling objects." (Tr. 21). He also noted that there was record of improvement with interventional treatment, and record evidence of full motor strength in Plaintiff's lower extremities. (*Id.*). He considered the fact that Plaintiff himself testified that he could drive a car, work on automobiles (including rebuilding carburetors with his hands), take his daughter to school, prepare simple meals for himself, and shop in stores. (Tr. 20-21).

Of considerable importance is the ALJ's repeated finding that Plaintiff was non-compliant in his medical treatments. The ALJ notes that Plaintiff "had not been compliant with his diabetic diet," and that there was "evidence in the record of non-compliance with prescribed treatment." (Tr. 21-22). As stated in *Sias v. Secretary*, "[t]he Social Security Act did not repeal the principle of individual responsibility." 861 F.2d 475, 480 (6th Cir. 1988). Because the ALJ noted that

6

Plaintiff has showed improvement with interventional treatment, it was proper for him to discount further damage caused by a non-compliance with treatment. "If a symptom can be reasonably controlled by medication or treatment, it is not disabling." *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (citation omitted). *See also* 20 C.F.R. § 404.1530(b) ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled."). The Code of Federal Regulations lists specific, acceptable reasons for treatment non-compliance. Plaintiff's own claim of "hard-headed[ness]" because he "couldn't understand some of the medicines they were giving [him]" does not qualify as an acceptable reason for non-compliance under 20 C.F.R. § 404.1530(c). (Tr. 47).

While it may be the case that non-compliance has exacerbated Plaintiff's diabetic nerve damage or other symptoms, the Court is unpersuaded by the comparison Plaintiff draws to SSR 13-2p on considering conditions emergent from drug addiction. Drug addiction and alcoholism can cause a new condition or limitation to manifest. *See* SSR 13-2p, 2013 WL 621536, at *7 (S.S.A.). Medication, however, is an attempt by a medical doctor and the claimant to limit or erase a symptom or limitation already present that the claimant is aware of and experiencing. 20 C.F.R. § 404.1530 clearly states that to "get benefits, you *must follow treatment prescribed* . . . if this treatment is *expected* to restore your ability to work." § 404.1530(a) (emphasis added). The actual *efficacy* of the treatment avoided is irrelevant to the need to follow it. What matters, according to the regulation, is the expectation that the medical regimen will help. The Court declines to allow Plaintiff to assert, after not following prescribed treatment, that nerve damage he might have otherwise avoided is disabling, and that even if he had followed the treatment, it would not have helped anyway.

The ALJ also properly discounted the testimony of Plaintiff's mother. Both parties agree that Plaintiff's mother is a lay witness, not a medical source, and may be used to show the severity of an impairment. SSR 16-3p. Nevertheless, the ALJ remains entitled to give the lay opinion the weight he deems proper, so long as adequately explained. The ALJ explained clearly that he accorded the opinion less weight because she was not "medically trained to make exacting observations as to dates, frequencies, types, and degrees of medical signs and symptoms"; because her "statements . . . are simply not consistent with the preponderance of the opinions and observations by medical doctors in this case"; and because she "cannot be considered a disinterested third-party witness whose statements would not tend to be colored by affection for the claimant and a natural tendency to agree with the symptoms and limitations the claimant alleges." (Tr. 22). It is clear that the ALJ adequately weighed, considered, and discounted the testimony of Plaintiff's mother. *See Bettie v. Colvin*, No. 2:12-CV-00025-MOC, 2013 WL 5849147, at *6 (W.D.N.C. Oct. 30, 2013) (holding as sufficient a near-identical ALJ evaluation of a third party's testimony).

Plaintiff also contends that in evaluating the severity of his symptoms, the ALJ failed to consider the extent he was able to take part in day-to-day activities. "An ALJ may not consider the *type* of activities a claimant can perform without also considering the *extent* to which she can perform them." *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (citing *Brown v. Commissioner*, 873 F.3d 251, 263 (4th Cir. 2017)). Plaintiff overstates the deficiency in the ALJ's decision. The ALJ notes that though Plaintiff works on old cars, he "does not work with smaller automobile parts." (Tr. 20). He explains that Plaintiff only prepares "simple meals," and has "problems with personal care due to an inability to sit or stand for long periods." (*Id.*). While indeed, the ALJ does not note the exact length of time that Plaintiff spends in the car driving his

daughter to school, the error appears harmless. Plaintiff contends that he only spends "20 minutes tops" in the car driving his daughter, (Pl.'s Br. at 16), but the ALJ noted elsewhere Plaintiff's testimony that he cannot sit for extended periods of time. (Tr. 20). The two appear to overlap; it is unreasonable to conclude that because the ALJ did not specify that Plaintiff only spent twenty minutes driving his daughter that he necessarily concluded such task took far longer.

Though the ALJ may not have cited to every medical report or opinion in the record, such omission does not indicate the ALJ's inability to *consider* that evidence in making his decision. To the extent that Plaintiff wishes this Court to take notice of that evidence and deem it supportive of the necessity of benefits, the Court declines to do so. As stated, in the presence of conflicting evidence, a court is not to reweigh it or inquire into credibility, but instead must defer to the Commissioner's decision. *Hancock*, 667 F.3d at 472. Though much of the evidence cited by Plaintiff could point towards greater severity than that found, the ALJ did not weigh it that way, and arrived at a different conclusion. It is not the responsibility of the Court to upset his decision here by reweighing that evidence.

Despite Plaintiff's "tenderness in his back, decreased sensation in his hands and legs, and morbid obesity," this Court finds that the ALJ's conclusion that Plaintiff's symptoms are not as severe as he claims is supported by substantial evidence. "*Mascio* only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" *White v. Colvin*, No. 3:15-CV-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June 14, 2016) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636-37 (4th Cir. 2015)). That demanding standard is not met here. The ALJ adequately listed, weighed, and explained the evidence he used in reaching the decision that he did with regard to Plaintiff's symptom severity.

Plaintiff also challenges the ALJ's RFC. He argues that in formulating the RFC, the ALJ failed to account for the extent to which his medical conditions could limit his ability to perform a range of sedentary work or manipulate items with his hands frequently. Plaintiff also contends that the ALJ did not properly consider his morbid obesity, nor properly weigh the opinion of his treating nurse practitioner.

An RFC assessment must include "a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96-8p, 1996 WL 374184 at *4 (S.S.A.). Here, the ALJ devoted over three pages to a discussion of the medical records relevant to Plaintiff's physical impairments and alleged limitations, noting his course of treatment, notes from different treatment providers, physical examination results, diagnostic test results, daily activities, and medical opinions. (Tr. 19-22).

Specific to his ability to perform sedentary work, the ALJ noted Plaintiff's allegations of back pain, an inability to sit or stand for long periods of time, neuropathy and numbness in his hands and legs, and problems with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, stair climbing, completing tasks and concentration. (Tr. 20). However, in determining the extent to which these allegations were supported by the record, the ALJ noted certain inconsistencies. The ALJ noted that Plaintiff drove his daughter to school (*Id.*), had full strength in his legs and upper extremities (Tr. 21), and did not show any evidence of an inability to ambulate, grasp, or handle objects (*Id.*). The ALJ also took note of the fact that Plaintiff worked on cars and showed improvement with interventional treatment. (Tr. 20). The ALJ cited to a test in the record showing that Plaintiff "moved all his extremities well," (*Id.*), as well as back and buttock pain that "did not radiate," (Tr. 21).

Additionally, the ALJ accorded some weight to the opinion of the State agency medical consultant, who stated that the claimant "could perform a reduced range of light work that included standing and walking for two hours and occasionally pushing and pulling with the left lower extremity." (*Id.*). The same opinion also stated that Plaintiff could sit for roughly six hours in a day. (Tr. 85-86). Such evaluating experts are "highly qualified . . . in Social Security disability evaluation," 20 C.F.R. § 416.913a(b)(1), even if the ALJ did find that the evidence supported more substantial restrictions on Plaintiff.

Here, the ALJ considered Plaintiff's alleged limitations considering all the relevant evidence and properly made a legal determination of a RFC. Because the ALJ properly performed his duty of determining the degree to which those allegations are supported by the record, Plaintiff's argument that the ALJ's analysis of the alleged limitations was inadequate is without merit. It is the burden of the claimant to demonstrate how his medical impairments impair his functioning. *See Plummer v. Astrue*, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011), *report and recommendation adopted*, No. 5:11-CV-00006-RLV, 2012 WL 1858844 (W.D.N.C. May 22, 2012), *aff'd*, 487 F. App'x 795 (4th Cir. 2012) ("The claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC.") (citations omitted). Considering the ALJ found nothing in the record to suggest an inability to ambulate or to grasp and manipulate objects, this Court finds that the ALJ's findings are supported by substantial evidence.

With regards to Plaintiff's obesity, the Court finds the ALJ's consideration proper. SSR 02-1p instructs adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity. *See* SSR 02–01p, 2002 WL 34686281

(S.S.A.). The ALJ did, in fact, consider and address Plaintiff's obesity in his written decision. (Tr. 19, 21-22). The ALJ stated that he considered and assessed the functional effects of obesity combined with other impairments not only under the listings, but when he assessed the RFC (Tr. 19). Importantly, Plaintiff failed to allege or produce evidence indicating how his obesity worsened his other impairments or restricted his ability to work beyond those limitations included in the RFC. The ALJ noted that despite Plaintiff's obesity, the record indicated that Plaintiff's walking ability was not limited, and that he had full strength and motion in his extremities. (Tr. 20-21).

Plaintiff cites to *Padgett v. Astrue* in support of his contention, but his reliance on the case is misguided. (Pl.'s Br. at 21). In that case, the court remanded for "more specific findings with regards to Plaintiff's obesity." *Padgett v. Astrue*, No. 7:11-CV-105-FL, 2012 WL 1884700, at *3 (E.D.N.C. May 2, 2012), *report and recommendation adopted*, No. 7:11-CV-105-FL, 2012 WL 1884696 (E.D.N.C. May 23, 2012). However, the ALJ in that case did not consider the plaintiff's obesity in any capacity, a point conceded by the defendant. That distinguishes *Padgett* from the instant case: the ALJ in this decision stated that though Plaintiff was obese, no evidence was demonstrated that showed it further hindered his ability to walk or to grasp and manipulate objects. Accordingly, the ALJ did not err in his analysis of Plaintiff's obesity, and this assignment of error is without merit.

Last, Plaintiff argues that the ALJ improperly discounted the opinion of his treating nurse practitioner. Kenyon Draper, NP-C, APRN, found that Plaintiff's "chronic low back pain with lumbar radiculopathy" would "permanently prevent him from work for at least 20 hours per week." (Pl.'s Br. at 25). The ALJ gave little weight to this opinion, stating that it is "conclusory and does not provide a function-by-function analysis explaining what the claimant is able to do or why he is unable to work." (Tr. 21-22).

"The Social Security Administration does not consider nurse practitioners to be acceptable medical sources." *Ward v. Berryhill*, No. 5:17-CV-00068-GCM, 2018 WL 6681201, at *2 (W.D.N.C. Dec. 19, 2018) (citation and quotations omitted). Instead, nurse practitioners are "considered to be other sources." *Martindale v. Astrue*, No. 1:09-CV-466, 2011 WL 1103770, at *5 (W.D.N.C. Feb. 24, 2011), *report and recommendation adopted*, No. 1:09-CV-466, 2011 WL 1060975 (W.D.N.C. Mar. 23, 2011) (quotations omitted). Plaintiffs are permitted to submit evidence from other sources to show the severity of their impairments and ability to work. 20 C.F.R. § 404.1513(d). The ALJ should look to several factors when weighing these opinions, including: the length of the treatment relationship, the frequency of examinations, the opinion's consistency with the record, whether the opinion is adequately supported by presented, relevant evidence, if the source adequately explains the opinion, and whether the source's area of expertise relates to the claimant's impairment. *Martindale*, 2011 WL 1103770, at *6 (citations omitted). Generally, the ALJ "should explain the weight given to opinions from these sources . . . [to] allow[] a claimant or subsequent reviewer to follow the [ALJ's] reasoning." 20 C.F.R. § 404.1527(f)(2).

Though phrased clumsily, the ALJ considered the extent to which Nurse Draper's opinion was supported by evidence within his report and found this support lacking. The ALJ noted that Nurse Draper "does not . . . explain[] what the claimant is able to do or why he is unable to work." (Tr. 21-22). While Plaintiff is correct that the "function-by-function analysis" is not required of treating opinions, it remains the case that the ALJ found Nurse Draper's conclusion unsupported and unconvincing, an evaluation the ALJ was at liberty to draw.

Beyond that analysis, Plaintiff is correct in noting that the ALJ did not address any other factors to explain the weight allotted to Nurse Draper's opinion. (Pl.'s Br. at 25). However, such error is harmless. A court should not remand for error if the ALJ would not have reached a different

conclusion notwithstanding the error. *See, e.g.*, *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994). The ALJ still relied considerably on the findings in the report, findings inconsistent with the report's conclusion. The ALJ cited Nurse Draper's report to note that Plaintiff is non-compliant with his medicine and diet, has no limitation on his ability to walk, grasp, or handle objects, and can drive and work on automobiles. (Tr. 21-22). The report cited also notes that Plaintiff has no upper extremity complaints and can move his extremities well. (Tr. 461, 464).

A determination that the claimant is "disabled" or "unable to work" is solely within the purview of the Commissioner. 20 C.F.R. § 416.927(d)(1). Considering the ALJ's heavy reliance on the findings in Nurse Draper's report, and the fact that such findings appear inconsistent with Nurse Draper's conclusion, the Court finds the ALJ's error harmless.

V.  **Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, Plaintiff's motion and brief, the Commissioner's responsive pleading, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. *See Richardson v. Perales, supra; Hays v. Sullivan, supra*. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales, supra*, Plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **AFFIRMED**;

(2) Plaintiff's Motion for Summary Judgment is **DENIED**;

(3) the Commissioner's Motion for Summary Judgment is **GRANTED**; and

(4) this action is **DISMISSED**.

Signed: July 10, 2019

Graham C. Mullen
United States District Judge